## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) |
| Plaintiff, | ) CRIMINAL CASE NO. CF0042-26 |
| vs. | ) DECISION AND ORDER: ) DEFENDANT'S MOTION AND |
| JAYJAN SIREN (aka JayJay Siren; Jay Jay Andon) DOB: 01/18/1996 aka 01/01/1996, | ) APPLICATION FOR BAIL ) REDETERMINATION HEARING ) ) |
| Defendant. | ) ) |

This matter came before MAGISTRATE JUDGE SEAN E. BROWN on July 29, 2026 on a hearing to address Defendant's Motion and Application for Bail Redetermination. Attorney Kyra Blas represented Defendant. Assistant Attorney General Aaron Boyce represented the People of Guam. The Court ruled from the bench denying the motion. Having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following written Decision and Order documenting the ruling.

### BACKGROUND

Defendant filed the motion on March 31, 2026. The People of Guam then filed an Opposition on April 3, 2026.

### DISCUSSION

### I.    Courts Considerations

Defendant provided the name of one person willing to be Defendant's Third-Party Custodian(TPC). The Court continued the hearing to provide Defendant time to obtain additional TPCs or to see if Defendant could qualify for electronic monitoring. The Government objects to any form of release. By the hearing on July 29, 2026 Defendant was unable to identify a second

TPC and Defendant does not appear to have a suitable residence to obtain electronic monitoring. Defendant then asked for a release on his own personal recognizance or a reduction in bail.

The Court looks to statutory guidance provided under 8 GCA §§ 40.15 and 40.20 when deciding the issue of release conditions. In consideration of the request, the Court learned that Defendant has had recent bench warrants issued in two different criminal matters, he has a moderate risk assessment and a recent conviction for burglary. Defendant is currently facing charges that include second-degree felonies with five possible victims. While the allegations include property offenses, Defendant's recent conviction for burglary, recent bench warrants, and current charges support the finding that Defendant may be a danger in the community and may not return to Court.

As a result, the Court will not release Defendant on his own personal recognizance. The Court will require two approved TPCs or electronic monitoring in place if Defendant is unable to post the cash bail required. Defendant indicated at the hearing that the ordered $5,000.00 cash bail is beyond his means and requested that the ordered cash bail amount be reduced to $500.00 or $1000.00. The Court agrees based on Defendant's financial status that $5,000.00 may be excessive, however, the current offenses are quite serious. As a result, the Court will reduce the cash bail amount required to $2,500.00.

## CONCLUSION

The Court, therefore, DENIES Defendant's Motion but will reduce the cash bail amount required to $2,500.00.

So ORDERED this 31st day of July, 2026

_____
HONORABLE SEAN E. BROWN
MAGISTRATE JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

OAG & Razzano

Date: 7\31\26 Time: 3:12

Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam

*People v. Siren,*
Decision and Order
Criminal Case No. CF0042-26          - Page 2 of 2 -